[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 5, 1989, the plaintiff and defendant entered into a purchase and sale agreement regarding a lot in Naugatuck, Connecticut; which was to be purchased by the defendant from the plaintiff. The agreement provided for a contract price of $50,000, with a $5,000 deposit paid at date of agreement and the balance due at closing on or before June 5, 1989. (Exhibit #9).
The defendant, prior to the scheduled closing date, repudiated the agreement and the sale never closed.
The plaintiff sues for his damages under the contract. The defendant maintains that he didn't close because the lot was not a building lot upon which he could build the speculative house for which he, with the knowledge of plaintiff, contracted to purchase the lot.
The plaintiff established that the lot was in fact a building lot (Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 10 and 11), and thus the defendant had no basis not to perform his obligation to purchase the contract. CT Page 3961
The defendant has breached the agreement (Exhibit #9) and the plaintiff is thus entitled to damages.
The plaintiff should be placed in the same position he would have been in if defendant had performed. The measure of damages for breach of contract of sale of real estate is the difference between the contract price and the value of the property at the time of the breach of the contract. These damages represent the loss of the bargain. Loda v. H. K. Sargeant Associates, Inc.,188 Conn. 69, 82, 448 A.2d 812 (1982); Rowan Construction Company v. Hassane, 17 Conn. App. 71, 80 (1988).
The court finds the property was worth $48,000 at the time of the breach. Thus, the plaintiff is entitled to the difference in value between the contract price and fair market value; representing the value of his bargain.
In addition, the defendant was obligated under the agreement (Exhibit #9) to remove a garage on the property. This was never accomplished and the plaintiff must incur expenses in removal of such portion of the garage.
The court finds that the reasonable charge to the plaintiff for the removal of the garage is $5,000.
Judgment may enter in favor of the plaintiff against the Defendant in the amount of $7,000, less a credit in favor of the plaintiff in the amount of the deposit paid to Defendant.
McWEENY, J.